IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINE SUELFLOW, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 9241 |
| | ) | |
| v. | ) | Maria Valdez |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kristine Suelflow's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 18] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

BACKGROUND

I. PROCEDURAL HISTORY

On June 25, 2012, Plaintiff filed claims for both DIB and SSI, alleging disability since March 1, 2011. (R. 72–73, 94–95.) The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 11, 2014 (R. 44–

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

71.) Plaintiff personally appeared and testified at the hearing and was represented by counsel. *Id.* Vocational expert Bob Hammond also testified. *Id.*

On May 14, 2014, the ALJ denied Plaintiff's claims for both DIB and SSI finding her not disabled under the Social Security Act. (R. 28–38.) The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2011. (R. 30.) At step two, the ALJ concluded that Plaintiff had the severe impairments of morbid obesity, fibromyalgia, degenerative disc disease, asthma and history of scoliosis. *Id.* The ALJ indicated at step three that the impairments, alone or in combination, did not meet or medically equal a Listing. (R. 32.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: can only occasionally climb ramps and stairs, balance and stoop; can never climb ladders, ropes, or scaffolds, kneel, crouch and crawl; can frequently reach in all directions including overhead with both upper extremities; can tolerate occasional exposure to extreme cold and heat, wetness, humidity and vibrations; can tolerate occasional exposure to hazards including dangerous moving machinery or unprotected heights; can perform unskilled work tasks that can be

learned by demonstration or in 30 days or less of a simple, routine, and repetitive nature. (R. 32.) The ALJ concluded at step four that Plaintiff was unable to perform her past relevant work as a cashier and a chiropractic assistant. (R. 36.) At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can perform additional jobs existing in significant numbers in the national economy, including document preparer, circuit board screener, and order clerk. (R. 37–38.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. *Id.*

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps 1–4. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ: (1) improperly assessed Plaintiff's symptom statements; (2) incorrectly assessed Plaintiff's impairments in combination; (3) improperly weighed the opinion evidence in determining Plaintiff's RFC; and (4) failed to assess "other source" opinions. Because the ALJ improperly weighed the opinion evidence, this matter must be remanded for further proceedings.

**A. The ALJ improperly weighed the opinion evidence of Dr. Calimag**

In evaluating a claim of disability, an ALJ "must consider all medical opinions in the record." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(b). The opinion of a treating physician is afforded controlling weight if it is both "well-supported" by clinical and diagnostic evidence and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). Because of a treating doctor's "greater familiarity with the claimant's condition and circumstances," *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003), an ALJ must "offer good reasons for discounting a treating physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citations omitted); *see also See Stage v. Colvin,* 812 F.3d 1121, 1126 (7th Cir. 2016). Those reasons must be "supported by substantial evidence in the record; a contrary opinion of a non-examining source does not, by itself, suffice." *Campbell,* 627 F.3d at 306.

6

Even where a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue,* 630 F.3d 704, 710 (7th Cir. 2011).

Here, the ALJ improperly discounted the opinion of David Calimag, D.O. It is undisputed that Dr. Calimag is Plaintiff's treating physician and has been treating Plaintiff since 2008. However, the ALJ gave insufficient reasons to reject Dr. Calimag's opinion as a treating physician. The ALJ gave "no weight" to the medical source statement of Dr. Calimag because: (1) it "appears to be based on the claimant's subjective complaints"; (2) "the functional limitations appear to be a sympathetic origin"; and (3) the opinion is "not supported by Dr. Calimag's own objective or clinical findings." (R. 36). There are several flaws in the ALJ's analysis.

First, the ALJ did not substantiate her assertion that Dr. Calimag's opinion was inappropriately based on Plaintiff's subjective complaints. The Seventh Circuit has found that "if the treating physician's opinion is . . . based *solely* on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620,

7

625 (7th Cir. 2008) (emphasis added). However, the Seventh Circuit recently noted that it was "illogical to dismiss the professional opinion of an examining [physician] simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin,* 654 Fed.Appx. 831, 837 (7th Cir. 2016) (unpublished opinion). "Almost all diagnoses require some consideration of the patient's subjective reports, and certainly [Plaintiff's] reports had to be factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue,* 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012). In this case, the ALJ neglected to "point to anything that suggests that the weight [Dr. Calimag] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable." *Davis v. Astrue*, 2012 WL 983696, at *19 (N.D. Ill. March 21, 2012). Thus, the ALJ did not "build an accurate and logical bridge" from the evidence to her conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Moreover, neither the ALJ nor the Commissioner cite to any evidence that Dr. Calimag based his opinion *solely* on Plaintiff's subjective complaints, and, therefore, this reason for denying weight to his opinion is unavailing.

Second, the ALJ offers no support for her contention that the opinion of Dr. Calimag may have been "sympathetic." Indeed, an ALJ's mere conjecture of a sympathetic response is not an acceptable basis for ignoring a treating physician's opinion. *Moss v. Astrue,* 555 F.3d 556, 560 (7th Cir. 2009). The ALJ must have a substantial evidentiary basis for finding bias by the treating physician. *Id.* Here, the ALJ's rational for finding bias is the following: "The claimant testified that this

8

opinion was provided during her last appointment for a sinus infection and medication refill on February 7, 2014. Yet, the document is undated and the record does not contain the treatment note for that date." (R. 36). Defendant attempts to explain the ALJ's reasoning by arguing that "the record contains no treatment note from that date, which indicates that Dr. Calimag's opinion was for helping [Plaintiff] obtain disability benefits rather than for giving treatment." (R. 36.) Defendant cites *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006) for the proposition that "an ALJ may discount a treating physician's opinion if it appears that the physician is rendering an opinion to assist a patient in obtaining benefits, rather than giving treatment." (Def.'s Mem. at 11). However, *Hofslien* is inapposite. In *Hofslien*, the Seventh Circuit references "physician shopping" and cautions that "many physicians (including those most likely to attract patients who are thinking of seeking disability benefits . . . ) will often bend over backwards to assist a patient in obtaining benefits." *Hofslien*, 439 F.3d at 377. Here, Dr. Calimag has been Plaintiff's treating physician since 2008. There is no evidence that Plaintiff went "physician shopping" for Dr. Calimag for the sole purpose of obtaining disability benefits; nor is there any evidence that Dr. Calimag rendered his opinion only to assist Plaintiff in acquiring benefits. The absence of a treatment note on the date that Dr. Calimag issued his opinion does not constitute substantial evidence of bias. Accordingly, the ALJ erred by offering an insufficient basis for her speculation that Dr. Calimag's opinion may be sympathetic. *See White ex. rel. Smith v. Apfel*, 167

9

F.3d 369, 375 (7th Cir. 1999) ("a decision based on speculation is not supported by substantial evidence.").

Third, the ALJ provides inadequate support for her claim that Dr. Calimag's opinion contradicts his own objective or clinical findings. The ALJ's only explanation of inconsistency is that Dr. Calimag's opinion "include[s] among other things, documentation of [Plaintiff's] straight leg testing or abnormal gait." (R. 36.) As Plaintiff correctly points out, although two treatment notes indicate negative straight leg tests, (R. 477, 486), there are also two treatment notes indicating positive straight leg tests. (R. 300, 482.) Therefore, it is unclear how Dr. Calimag's opinion, which indicated positive straight leg testing, is contradicted by his own objective and clinical findings. The ALJ's failure to address these and other findings that support Dr. Calimag's opinion is an error. Specifically, the ALJ did not address clinical findings from Dr. Calimag's treatment notes or from other treating physicians which were consistent with Dr. Calimag's opinion, including paraspinal muscle and joint tenderness, limited range of motion, straight leg raise tests, tender fibromyalgia trigger points, and radiating back pain. (R. 300, 345, 349, 363, 366-67, 400, 404, 435, 438-39, 451-52, 482.) "An ALJ cannot recite only the evidence that supports his conclusion while ignoring contrary evidence." *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016); *see also Scott*, 647 F.3d at 739–740 ("The ALJ was not permitted to 'cherry-pick' from . . . mixed results to support a denial of benefits").

Fourth, although the ALJ is not required to give Dr. Calimag's opinion controlling weight, she still must address the factors listed in 20 C.F.R. § 404.1527

10

to determine what weight to give the opinion. SSR 96-2p. SSR 92-2p states that treating source medical opinions like Dr. Calimag's "are still entitled to deference and must be weighed using *all* of the factors provided in 20 C.F.R. § 404.1527." *Id.* (emphasis added). Here, the ALJ failed to minimally address many of the enumerated factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not analyze the nature and extent of the treatment relationship, the frequency of examination, the supportability of the decision, or whether Dr. Calimag had a relevant specialty. The ALJ is required to "sufficiently account [ ] for the factors in 20 C.F.R.§ 404.1527." *Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013) (unpublished decision). The ALJ's failure to do so prevents this Court from determining the reasonableness of the ALJ's decision in light of the factors outlined in 20 C.F.R. § 404.1527.

For the reasons described herein, the ALJ did not offer substantial evidence for rejecting the Dr. Calimag's opinion, which is an error requiring remand.

**B.     Remaining Arguments**

Because remand is required for errors in the ALJ's weighing of the opinion evidence of Dr. Calimag, the Court need not address Plaintiff's remaining arguments at this time. On remand, the Commissioner shall sufficiently account for the factors in 20 C.F.R. § 404.1527 when evaluating the medical opinion evidence. Further, the ALJ is advised to consider Plaintiff's testimony in light of the recent guidance provided by SSR 16-3p and focus on Plaintiff's asserted symptoms. *See Cole v. Colvin,* 831 F.3d 411, 412 (7th Cir. 2016).

CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 18] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.               ENTERED:

*[signature: Maria Valdez]*

DATE:  **October 6, 2017**          _____
                           **HON. MARIA VALDEZ**
                           **United States Magistrate Judge**